Campbell, Chief Justice,
delivered the opinion of the court:
The suit is for a drawback alleged to be authorized by section 3386, Revised Statutes.
The plaintiff, the manufacturer of the cigarettes, had paid the tax required by section 3394, Revised Statutes, which was $1.25 per thousand, and also the additional tax of 80 cents per thousand required by the revenue act of October 3, 1917, 40 Stat. 312, 313. The commissioner held that the amount of these two items should be refunded when the cigarettes had been exported, but he declined to allow a drawback of the tax required by section 702 of the revenue act of 1918, 40 Stat. 1118, which the plaintiff had also paid. *557 As set forth in the findings, the commissioner’s action was stated by him as follows: “ The partial rejection was due to the fact that the floor tax was not paid by stamp and consequently did not come within the provisions of the drawback statute.”
The act of 1918, in section 700 thereof, levied a tax on cigarettes, of a stated weight, of three dollars per thousand. This was an increase in the taxable rate of 95 cents per thousand. The act became effective February 25, 1919, and in terms applied to cigarettes sold by the manufacturer or removed for consumption or sale after that date. But articles mentioned in section 700, which had been manufactured and removed prior to the effective date of the act, were not required by section 700 to pay the additional tax. It hence followed that if this section were alone to govern there would be an inequality of tax on goods manufactured and held for sale immediately prior to the act and those manufactured and held for sale immediately after the act, which would place an undue burden on the latter kind. Section 702, however, takes care of this situation and imposes a like tax on the articles manufactured and held for sale “ on or prior to the date ” of the passage of the act. Calling it a “ floor tax ” does not alter its purpose, which was that of an equalizing tax. The tax is accordingly imposed upon the articles mentioned which had been removed from factory or custom house before the date of the passage of the act “ upon which the tax imposed by existing law ” had been paid, and which on the day after the passage of the act were held and intended for sale. The same kinds of articles were thus made to pay the same tax. We do not think the Congress intended by designating the tax a “ floor tax ” to defeat a right of drawback when claimed by one who had removed his goods prior to the act and allow the drawback to one who produced his goods immediately after the act, both having paid exactly the same amount of taxes on identically the same kind of goods, and both having exported their goods. Broadly speaking, the intent of section 3386, as amended by the act of March 1, 1879, 20 Stat. 347, was to authorize the return to the manufacturer and exporter of goods upon their exportation of the amounts of specific taxes which had
*558 been paid upon them. It authorizes a drawback “ equal in amount to the value of the stamps ” affixed. The stamps affixed were those required when the tax of $1.25 per thousand was imposed. No additional stamps were affixed when the additional tax of eighty cents per thousand was imposed, because it was the custom and practice of the department to value the first stamps as inclusive of those contemplated by the act imposing the additional tax. We see no-reason why the value of the stamps first affixed may not under the custom and practice mentioned be determined by the total of the three taxes paid, unless the view that the-floor tax was paid in cash, and was therefore not within the drawback statute, can be maintained. As already said, in our opinion the payment of the tax whether in the one form or the other comes within the spirit and intent of the statute' authorizing the drawback when the goods upon which the tax has been paid are exported. The Treasury officials, readily conceded the right of drawback as to two of the taxes, notwithstanding the goods had been taken from the factory and held for sale. They apparently recognize that the fact of export is sufficient to secure the right of drawback, so far as those items are concerned. We think the “ floor tax ” does not differ from the others when the amount of drawback is to be determined.
There was no necessity for “ protest ” under the facts of this case. Plaintiff’s goods came within the provision of the statute imposing the floor tax, and the tax was paid. Thereafter the goods were exported. If they had not been exported, there would be no drawback. Its cause of action arose, not when it paid the tax, but when it exported the goods and the drawback was refused. We do not allow interest because, in our opinion, the claim does not come within the provisions of section 1324 of the revenue act of 1921, 42 Stat. 316.
Our conclusion is that the plaintiff is entitled to recover the taxes paid, and judgment will be entered in the sum of $145,397.50. And it is so ordered.
Graham, Judge; Hay, Judge; Downey, Judge; and Booth, Judge, concur.